Rowland's Appeal.

Argued April 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Matthew A. Crawford,* with him *Raymond E. Brown,* and *Thomas G. Gregory,* for appellant.

*John Conrad,* of *Conrad & Conrad,* for appellee.

OPINION BY JAMES, J., September 30, 1936:

On February 20, 1928, the Jefferson County National Bank was appointed, by the Orphans' Court of Jefferson County, guardian of the estate of John Lewis Craven, a minor, and served as such until August 27, 1934, when the Brookville Bank and Trust Company was substituted as guardian. On March 4, 1933, the Jefferson County National Bank was closed by order of the comptroller of currency and on November 9, 1933, Carroll V. Snader was appointed receiver. The receiver's first and final account was approved, but later, upon petition of the Brookville Bank and Trust Company, the final adjudication was vacated for the purpose of review and the matters excepted to were referred to an auditor. The auditor surcharged the accountant, among other items, with the sum of $2,000 and interest, being the amount of a mortgage given by Harold C. Shannon to the Jefferson County National Bank, said sum to be a preferred claim against the bank, and further placed the costs of the audit upon the re-

ceiver. From the order of the orphans' court dismissing exceptions to these items, the present receiver has appealed.

The Jefferson County National Bank issued an execution, upon several judgments held by it, against the estate of Frank L. Scribner, deceased, and on August 28, 1931, certain premises were sold at sheriff's sale to Harold C. Shannon, son of the president of the bank. On November 23, 1931, the bank took a mortgage and bond in the sum of $2,000, no maturity date being given, from Harold C. Shannon upon the premises purchased in the name of Harold C. Shannon and the mortgage and bond were placed among the assets of the minor's estate. On November 24, a voucher in the sum of $2,000, payable to the order of Harold C. Shannon and signed, "The Jefferson County National Bank. Guardian of John Lewis Craven. L. B. Shannon, cashier," was drawn on the Jefferson County National Bank. The voucher was not indorsed but was perforated "J. C. N. B. 11-24-31." Harold C. Shannon testified that he did not indorse the voucher nor receive or pay any money in the transaction and he did not consider himself the owner of the premises and only held title in a fiduciary capacity. The only act of ownership exercised by Shannon was the execution of a lease for the premises; but the rents were received by the bank and credited to his mortgage as interest. The mortgage was not recorded nor the bond entered and at the time of the audit had no value.

We are unable to find either from the testimony or the findings of the auditor or the court below, a factual basis upon which a proper determination of the questions involved can be made.

The record does not establish how or where the moneys of the minor's estate were held by the guardian bank at the time the voucher was issued, nor that the moneys represented by the check were received by the bank. Earl C. Thompson, a clerk for the receiver,

testified as follows: "...... Q. Did the Jefferson County National Bank receive the benefit of the two thousand dollars drawn by that voucher upon the estate of John Lewis Craven? A. I am unable to answer that question without an investigation. Q. How long would it take you to investigate? A. I could probably check the day's business in an hour. However, that would depend upon developments." No further testimony on this point was taken. In his report, the auditor made no special findings other than that the Jefferson County National Bank be surcharged in the sum of $2,000 on the Shannon mortgage, which was to be a preferred claim against the assets of the bank. In its opinion, the court said: "The Jefferson County National Bank as guardian of John Lewis Craven about the same time issued a check to the order of Harold C. Shannon in the amount of $2,000.00 and while there is no endorsement of Harold C. Shannon on this check, the funds upon it were paid out of the minor's estate and passed in some way into the general assets of the Bank, the facts not being entirely conclusive in details." In stating that the funds "passed in some way into the general assets of the Bank," the court was assuming a fact which the testimony did not establish. It recognized this fact when it stated, "the facts not being entirely conclusive in details." If the record was not complete, the matter should have been referred back to the auditor to take all the available testimony in order that proper findings of fact could have been made; without such facts, no determination can be made, and the decree must be reversed with direction to hear all of the testimony relating to the administration and disbursement of the funds of the minor's estate.

We find no error in the action of the court below in affirming the finding of the auditor that the guardian shall pay all the costs of the audit as part of the expense incident to the administration of the receiver-

ship. The Act of June 7, 1917, P. L. 447, known as the Fiduciaries Act, relating to the care of the person and estate of minors by the orphans' court of each county, provides, under section 59 (j) 6, as follows: "The costs of said audits or examinations ...... shall be allowed as part of the administration expenses, and be paid by such guardians out of the property of the ward in their hands, and allowed as credits in said decrees; or the said costs shall, in the discretion of the court, be paid by the said guardians personally." The costs of the audit were largely due to the mismanagement of the estate of the minor, and we see no abuse of discretion in charging the guardian with this expense. Regardless of this section, the disposition of costs in the orphans' court is largely within the discretion of that court and will not be set aside in the absence of proof of an abuse of discretion. Under the facts of this case, this discretion was fairly and wisely exercised.

Decree reversed with a procedendo.